**Adam Abdul HAKEEM (aka Larry Davis), Plaintiff–Appellant,**

v.

**James STINSON, Superintendent, Great Meadows Correctional Facility, et al., Defendants–Appellees.**

**Docket No. 01–101.**

United States Court of Appeals, Second Circuit.

July 8, 2002.

Adam Abdul Hakeem, pro se, Fallsburg, NY, for Appellant.

Martin A. Hotvet, Assistant Solicitor General of the State of New York, Albany, N.Y. (Eliot Spitzer, Attorney General of the State of New York, Peter H. Schiff, Senior Assistant Attorney General, on the brief), for Appellees.

Present JACOBS, LEVAL and KATZMANN, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be in part **AFFIRMED**, and that the appeal is in remaining part **DISMISSED**.

Adam Abdul Hakeem, *pro se, in forma pauperis,* and incarcerated, appeals from an order of the district court in his pending 42 U.S.C. § 1983 retaliation claim, denying motions for a preliminary injunction,

production of certain documents, and leave to file an amended complaint and certify a class.

Generally, we only have jurisdiction over appeals from "final decisions of the district courts of the United States." 28 U.S.C. § 1291. A final decision effectively "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (internal quotation marks omitted).

None of the district court's rulings qualify as final decisions under § 1291, and we therefore lack jurisdiction over the denial of the motion to compel discovery, grant leave to amend, and certify a class. Nevertheless, we will review the district court's preliminary injunction decision under an exception to the general rule that permits a party to take an appeal from "[i]nterlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions." 28 U.S.C. § 1292(a)(1); *see also Carson v. American Brands,* 450 U.S. 79, 83, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981). We review a denial of injunctive relief for abuse of discretion. *Zervos v. Verizon New York, Inc.,* 252 F.3d 163, 167–68 (2d Cir. 2001).

Hakeem's suit contends that officials at his former prison, Great Meadow Correctional Facility, retaliated against him for commencing certain litigation, in which he had alleged failure to investigate an assault. But Hakeém sought to enjoin only officials at Wende Correctional Facility, citing a raid of his cell there. Generally, we may order no injunctive relief against non-parties unless (*inter alia*) those persons are "in active concert or participation" with parties to the suit. Fed. R.Civ.P. 65(d); *see also United States v. Regan,* 858 F.2d 115, 120 (2d Cir.1988). Hakeem alleges that the Wende cell raid

was in retaliation for his pending suit against Great Meadow, but (as the district court properly determined) these conclusory allegations "fall far short of supporting a finding that the parties against whom plaintiff seeks injunctive relief acted in participation with the named defendants." *Hakeem v. Stinson, et al.,* 97–CV–274 (N.D.N.Y. Mar. 29, 2001).

The judgment of the United States District Court for the Northern District of New York is hereby affirmed in part, and dismissed in remaining part.